IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT SALINAS | § § | CIVIL ACTION NO. |
| VS. | § § | B – 20 – 54 |
| CITY OF PORT ISABEL, TEXAS AND PORT ISABEL ECONOMIC DEVELOPMENT CORPORATION | § § § § | **JURY REQUESTED** |

# DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

**J. Arnold Aguilar**
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
arnold@aguilarzabartellc.com

**Francisco J. Zabarte**
Of Counsel
State Bar No. 22235300
Federal Adm. No. 10747
frank@aguilarzabartellc.com

AGUILAR★ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas  78520
(956) 504-1100
(956) 504-1408 (fax)

Attorneys for Defendant
**CITY OF PORT ISABEL, TEXAS and PORT ISABEL ECONOMIC DEVELOPMENT CORPORATION**

TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………..iii

I.      SUMMARY OF THE ARGUMENT......................................................................1

II.     STATEMENT OF THE ISSUES……………………………………………….2

III.    STANDARD OF REVIEW FOR RULE 12(b)(6)
        MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ………………..3

IV. FACTUAL ALLEGATIONS……………………………………………………6

V. ARGUMENT AND AUTHORITIES……………………………………………….6

    A. Salinas has not identified a Fourteenth Amendment Due Process claim………….6

       1.  Salinas has not identified facts to support a Procedural Due Process claim………..9

       2.  Salinas has not identified facts to support a Substantive Due Process claim……...10

    B. Salinas has not identified a Fourteenth Amendment liberty claim……………….11

VI. CONCLUSION AND PRAYER……………………………………………………….13

CERTIFICATE OF SERVICE……………………………………………………………14

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                          **PAGE**

*Ashcroft v. Iqbal*,
556 US 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)……………………………….3, 4, 5

*Ayers v. Bd. of Regents Univ. of Tex. Sys.*,
557 Fed. Appx. 263 (5th Cir. Tex. 2014)……………………………………………………10

*Bd. of Regents v. Roth*,
408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)………………………2, 7, 8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)……………………………...3, 4, 5

*Bellard v. Gautreaux*,
675 F.3d 454 (5th Cir. 2012)……………………………………………………………..11, 12

*Bishop v. Wood*,
426 U.S. 341, 96 S. Ct. 2074, 48 L. Ed. 2d 684 (1976)…………………………………...7

*Blackburn v. City of Marshall*,
42 F.3d 925 (5th Cir. 1995)………………………………………………………………...7

*Bledsoe v. City of Horn Lake, Miss.*,
449 F.3d 650 (5th Cir. 2006)……………………………………………………………..11, 12

*Boddie v. Connecticut*,
401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971)……………………………………..10

*Brown v. Texas A & M Univ.*,
804 F.2d 327, 333-34 (5th Cir. 1986)……………………………………………………7

*Burgos v. Group & Pension Adm'rs, Inc.*,
286 F. Supp. 2d 812 (S.D. Tex. 2003)…………………………………………………….4

*Campbell v. City of San Antonio,*
43 F.3d 973 (5th Cir. 1995)………………………………………………………………….5

*Campos v. Guillot*,
743 F.2d 1123 (5th Cir. 1984)……………………………………………………………..12

*City of Midland v. O'Bryant*,
18 S.W.3d 209 (Tex. 2000)……………………………………………………………..8

*Cleveland Bd. of Educ. v. Loudermill*,
470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)………………………………...10

*Conner v. Lavaca Hosp. Dist.*
267 F.3d 426 (5th Cir. 2001)……………………………………………………………..8

*County of Dallas v. Wiland*,
216 S.W.3d 344 (Tex. 2007)……………………………………………………………8

*Evans v. City of Dallas*,
861 F.2d 846 (5th Cir. 1988)……………………………………………………………12

*Farias v. Bexar County Bd. of Trustees*
*for Mental Health Mental Retardation Services*,
925 F.2d 866 (5th Cir. 1991)……………………………………………………………12

*Fernandez-Montez v. Allied Pilots Ass'n,*
87 F.2d 278 (5th Cir. 1993)……………………………………………………………….3

*Ferraz-Da Silva v. Holder*,
523 Fed. Appx. 274 (5th Cir. 2013) (*per curiam*)………………………………………11

*Heggemeier v. Caldwell Cty.*,
826 F.3d 861 (5th Cir. 2016)……………………………………………………………..8

*Hughes v. City of Garland*,
204 F.3d 223 (5th Cir. 2000)……………………………………………………………12

*In re So. Scrap Material Co.*,
541 F.3d 584 (5th Cir. 2008)……………………………………………………………...4

*Klingler v. Univ. of S. Miss.*,
612 Fed. Appx. 222 (5th Cir. 2015)…………………………………………………...2, 11

*Matagorda Cty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738 (Tex. 2006)…………………….8

*Montez v. South San Antonio ISD*, 817 F.2d 1124 (5th Cir. 1987)……………………….9

*Muncy v. City of Dall.*,
335 F.3d 394 (5th Cir. 2003)……………………………………………………...7

*N.C. Dep't of Revenue v. Kimberley Rice Kaestner 1992 Family Tr.*,
139 S. Ct. 2213, 204 L. Ed. 2d 621 (2019)……………………………………………..2, 9

*Perry v. Sindermann*,
408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972)…………………………………...7

*Robinson v. Schneider*,
614 F. App'x 222 (5th Cir. 2015)………………………………………………………….8

*Schultea v. Wood*,
27 F.3d 1112 (5th Cir. 1994), *aff'd in part & rev'd in part on other grounds*,
1994 U.S. App. LEXIS 4673 (5th Cir. Mar. 9, 1995)……………………………………9

*Stem v. Gomez*,
813 F.3d 205 (5th Cir. 2016)……………………………………………………………8

*Thompson v. Bass*,
616 F.2d 1259 (5th Cir.), *cert. denied*, 449 U.S. 983 (1980)……………………………...8

*Tregre v. Harris County Sheriff's Dep't*,
2008 U.S. Dist. LEXIS 37384, 2008 WL 1998870 (S.D. Tex. May 7, 2008)…………...10

*Tuchman v. DSC Communications Corp.*,
14 F.3d 1061 (5th Cir. 1994)……………………………………………………………...3

*Vida v. El Paso Employees' Federal Credit Union*,
885 S.W.2d 177 (Tex. App.—El Paso 1994, no writ)…………………………………….8

*Vulcan Materials Co. v. City of Tehuacana*,
238 F.3d 382 (5th Cir. 2001)………………………………………………………………3

*Whiting v. Univ. of S. Miss.*,
451 F.3d 339 (5th Cir. 2006),
*cert. denied*, 549 U.S. 1112, 127 S. Ct. 1038, 166 L. Ed. 2d 704 (2007)…………………7

*Whitting Blackwell v. Laque*,
275 Fed. Appx.363 (5th Cir. 2008)………………………………………………………..2, 7

*Wilson v. Birnberg*,
667 F.3d 591, 600 (5th Cir. 2012)………………………………………………………...3

*Zenor v. El Paso Healthcare Sys., Ltd.*,
176 F.3d 847 (5th Cir. 1999)………………………………………………….…………...7

## **RULES**

FED. R. CIV. P. 8(a)(2)……………………………………………………………….5

## **SECONDARY SOURCES**

2A MOORE'S FEDERAL PRACTICE ¶ 1207……………………………………...5

3 C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d § 1216………………5

5A C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d §1357……………..3

Defendants **CITY OF PORT ISABEL, TEXAS AND PORT ISABEL ECONOMIC DEVELOPMENT CORPORATION** submit this Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.

## SUMMARY OF THE ARGUMENT

1.01   Plaintiff's Original Petition alleges causes of action against Defendants pursuant to 42 U.S.C. § 1983 for violation of his First Amendment rights to freedom of speech and association, and his Fourteenth Amendment rights to due process and liberty. His pleadings do not identify facts to support a Fourteenth Amendment claim, however.

1.02   Salinas has not alleged any facts to establish that he had a property interest in his continued employment or to any particular process, necessary to establish a due process claim.  Without a property interest in his continued employment, established by action of the Port Isabel City Commission, Salinas was an at will employee and he had no constitutional right to any specific process.  Regardless, he was given notice and an opportunity to be heard, so he cannot establish how the process used by the City was fundamentally unfair.  His due process claim must therefore be dismissed.

1.03   Salinas likewise did not identify any false, stigmatizing charges against him, how either Defendant made those charges public, any manner in which he requested a name-clearing hearing, or other matters necessary to establish the deprivation of a liberty interest.  His liberty interest claim should also be dismissed.

## II.

## STATEMENT OF THE ISSUES

2.01   Salinas alleged violation of his Fourteenth Amendment rights to due process and liberty, though he has not identified sufficient facts to establish the elements of those claims. The issues presented to the Court for ruling are therefore the following:

1. Whether Salinas identified an established property interest in his continued employment, authorized by the City Commission? *See Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Whitting Blackwell v. Laque*, 275 Fed. Appx.363, 368 (5th Cir. 2008).

    a. Whether Salinas identified a basis for entitlement to a pre-termination hearing?

    b. Whether Salinas was provided with a hearing to appeal his termination?

    c. Whether the process used by Defendants lacked fundamental fairness? *See N.C. Dep't of Revenue v. Kimberley Rice Kaestner 1992 Family Tr.*, 139 S. Ct. 2213, 2219, 204 L. Ed. 2d 621 (2019).

2. Whether Salinas was discharged in a manner that created a false and defamatory impression about him and thus stigmatized him and foreclosed him from other employment opportunities, necessary to establish a Fourteenth Amendment liberty claim? *See Klingler v. Univ. of S. Miss.*, 612 Fed. Appx. 222, 229 (5th Cir. 2015).

    a. Whether false, stigmatizing charges were made against Salinas?

    b. Whether the City or the PIEDC made any false charges public?

    c. Whether Salinas requested a hearing to clear his name?

    d. Whether the City refused Salinas' request for a hearing?

## III.

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

3.01   Before an Answer has been filed, the proper mechanism for challenging the claims made is through Federal Rule of Civil Procedure 12(b)(6).  At this stage, the Court must limit its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Wilson v. Birnberg,* 667 F.3d 591, 600 (5th Cir. 2012).  In ruling on a Rule 12(b)(6) motion, the Court must accept as true all of the Plaintiff's well-pled allegations.  "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

3.02   The Court need not accept at face value any factually unsupported legal conclusions, however.  *Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").  *See also Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir. 2001).  The Court is not required to accept ultimate conclusions that do not flow from the factual description of the case. *Id.,* 238 F.3d at 388, *citing* 5A C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d §1357, at 319-20 (1990).  *See also Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) ("In order to avoid dismissal for failure to state a claim ... a

plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact."); *Burgos v. Group & Pension Adm'rs, Inc.,* 286 F. Supp. 2d 812, 814-15 (S.D. Tex. 2003).

  3.03 "Factual allegations must be enough to raise a right to relief above the speculative level, … [and not simply] create[] a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., *quoting Twombly*, 127 S. Ct. at 1955.

  3.04 In evaluating a Complaint, Courts must undertake the "context-specific" task of evaluating whether the well pleaded allegations give rise to an entitlement of relief that is plausible, rather than merely possible or conceivable, with "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *In re So. Scrap Material Co*., 541 F.3d 584, 587 (5th Cir. 2008), *quoting Twombly*, 550 U.S. at 556.

> "Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."

*Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950, *quoting Twombly*, 550 U.S. at 555 & FED. R. CIV. P. 8(a)(2).

    3.05    The plausibility standard concerns the factual allegations of a complaint. "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn under the relevant legal theory." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995), *quoting* 3 C. WRIGHT & A. MILLER, FED. PRAC. & PROC.: CIVIL 2d § 1216, at 156-59). Thus, dismissal is proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id., quoting* 2A MOORE'S FEDERAL PRACTICE ¶ 1207, at 12-91.

## IV.

## FACTUAL ALLEGATIONS

4.01  Plaintiff Salinas' Original Complaint alleges that on May 5, 2018, he was involved in an altercation with a person identified as Jose Enrique Ochoa, for which he was charged with "the offense of Injury to a Child Elderly/Disabled with intent to Bodily Injury" and arrested by the Cameron County Sheriff's Department.  Plntf's Orig. Pet., Dkt No. 1-1, Exhibit A-2, § V. STATEMENT OF FACTS, ¶¶ 22 & 23.  He denies the merit of those charges.  *Id.*  On May 18, 2020, City Manager Jared Hockema discharged him for "fighting and inciting or engaging in a strikes or riot," including the "presentation of criminal charges."  *Id.*, at ¶ 24 & Exhibit 2.  He appealed that decision.  *Id.*, at ¶ 25 & Exhibit 3.  Notwithstanding, that decision was upheld.  *Id.*, at ¶ 26.

## V.

## ARGUMENT AND AUTHORITIES

**A.    Salinas has not identified a Fourteenth Amendment Due Process claim.**

5.01  Salinas alleged a general violation of his due process rights under the Fourteenth Amendment to the United States Constitution. Plntf's Orig. Pet., Dkt No. 1-1, Exhibit A-2, § VII, ¶ 3.  He claims only that his termination "deprived him of … property without due process of law.  *Id*.

5.02  Though Salinas argues that he had a protected due process right in his employment and that he was not provided due process before or after his termination, he has not identified any action of either Defendant that would constitute a violation of an

*established* due process right. To establish a viable due process claim, Salinas was required to first identify a property interest, which he has not done. *Whitting Blackwell v. Laque*, 275 Fed. Appx.363, 368 (5th Cir. 2008). *See also Bishop v. Wood*, 426 U.S. 341, 343-47, 96 S. Ct. 2074, 2077-78, 48 L. Ed. 2d 684 (1976); *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 344 (5th Cir. 2006), *cert. denied*, 549 U.S. 1112, 127 S. Ct. 1038, 166 L. Ed. 2d 704 (2007); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333-34 (5th Cir. 1986).

    5.03   "Property interests are not created by the Constitution; rather, they stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings." *Blackburn v. City of Marshall*, 42 F.3d 925, 936-37 (5th Cir. 1995), *citing Perry v. Sindermann*, 408 U.S. 593, 599-601, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972). Nor are property interests created by unilateral understanding or belief. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972).

    5.04   "Texas law imposes a strong presumption in favor of at-will employment," and Salinas has not identified facts that would establish any policy of the City somehow established a property right in his continued employment. *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 862 (5th Cir. 1999). "In Texas, there exists a presumption that employment is at-will unless that relationship has been expressly altered in one of two ways. The at-will relationship may be altered by contract … or by express rules or policies limiting the conditions under which an employee may be terminated…." *Muncy v. City of*

*Dall.*, 335 F.3d 394, 398 (5th Cir. 2003), *citing City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex. 2000); *Conner v. Lavaca Hosp. Dist.* 267 F.3d 426 (5th Cir. 2001); *Vida v. El Paso Employees' Federal Credit Union*, 885 S.W.2d 177, 182 (Tex. App.—El Paso 1994, no writ). "[T]o create a property interest, the rule or policy must be 'express.'" *Heggemeier v. Caldwell Cty.*, 826 F.3d 861, 871 (5th Cir. 2016).

  5.05 "An at-will employee does not have a protected property interest because employment may be terminated at any time." *Robinson v. Schneider*, 614 F. App'x 222, 224 (5th Cir. 2015). "[A] limitation on at-will employment 'cannot simply be inferred.'" *County of Dallas v. Wiland*, 216 S.W.3d 344, 354 (Tex. 2007), *quoting Matagorda Cty. Hosp. Dist. v. Burwell*, 189 S.W.3d 738, 739 (Tex. 2006). Procedures in an employment manual relating to discipline and termination do not provide the requisite express terms necessary to create a property right to continued employment. "[T]he entitlement to [certain] procedures, without more, does not alter an employee's at-will status, thereby creating a property interest in continued employment." *Wiland*, 216 S.W.3d at 353-54. "Conversely, an employee who is terminable at will generally has no constitutionally-protected property interest." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016).

  5.06 An established property interest must stem from an independent source, but Salinas has not identified any such source. *Board of Regents v. Roth*, 408 U.S. at 577. To the contrary, he complains only that he was deprived of property without due process. Plntf's Orig. Pet., Dkt No. 1-1, Exhibit A-2, § VII, ¶ 3. His general allegation of entitlement did not establish a constitutionally protected property interest, however. *Thompson v. Bass*, 616 F.2d 1259, 1265 (5th Cir.), *cert. denied*, 449 U.S. 983 (1980). In order for the alleged

right to be legally enforceable as to constitute a property interest, Salinas would need proof that the governing body itself, *i.e.*, the City Commission, somehow approved that right. *See Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994), *aff'd in part & rev'd in part on other grounds*, 1994 U.S. App. LEXIS 4673 (5th Cir. Mar. 9, 1995); *Montez v. South San Antonio ISD*, 817 F.2d 1124, 1125 (5th Cir. 1987). He must also show that the process used by Defendants somehow lacked fundamental fairness. *See N.C. Dep't of Revenue v. Kimberley Rice Kaestner 1992 Family Tr.*, 139 S. Ct. 2213, 2219, 204 L. Ed. 2d 621 (2019).

5.07 Because Salinas has not identified any contract or "express rules or policies limiting the conditions under which" he could be terminated, he has not identified an alleged due process right that even allegedly could have been violated. He has not identified any property interest of which he was allegedly deprived, any specific process about which he complains, any City Commission approval of that property interest, or how the process employed by the City lacked fundamental fairness. He therefore cannot establish a Fourteenth Amendment violation by any Defendant, and those claims should be dismissed.

**1. Salinas has not identified facts to support a Procedural Due Process claim.**

5.08 Procedural due process involves the right to a pre-deprivation hearing before a party is deprived of a recognized property interest. *Roth*, 408 U.S. at 570 n.7, 92 S. Ct. at 2705 n.7. It is only after a property interest has been identified, however, and only under certain circumstances, that a pre-deprivation hearing will be required. *Id.*, 408 U.S. at 570-75, 92 S. Ct. 2705-08. "The formality and procedural requisites for the hearing can vary,

depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Boddie v. Connecticut*, 401 U.S. 371, 378, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971). That process is only "an initial check against mistaken decisions," and "need not be elaborate." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545, 105 S. Ct. 1487, 1495, 84 L. Ed. 2d 494 (1985). For such a hearing, Salinas would only be entitled to notice and an opportunity to respond. *See Id.*, 470 U.S. at 546, 105 S. Ct. at 1495. Even if he could establish a recognized property interest, Salinas has not identified any basis to support entitlement to a pre-termination hearing or how the process adopted by the City Council lacked "fundamental fairness."

### 2. Salinas has not identified facts to support a Substantive Due Process claim.

5.09  A substantive due process claim involves the process to which a party is entitled *after* he has been deprived of a recognized property interest. *See Id.*, 470 U.S. at 541-46, 105 S. Ct. at 1491-96.

> [T]he Fifth Circuit held that when a state-created property right is at stake, substantive due process rights essentially mirror procedural due process rights. In other words, because the right springs from state law, not the Constitution, a violation of the right does not occur (and therefore is not actionable) until the state fails to correct the deprivation in post-deprivation proceedings.

*Tregre v. Harris County Sheriff's Dep't*, 2008 U.S. Dist. LEXIS 37384, 2008 WL 1998870, p. 10 (S.D. Tex. May 7, 2008). As with a pre-deprivation hearing, before any post-deprivation process may be due, Salinas must first identify an alleged property right established by the City and he must request a hearing to consider that deprivation. *Loudermill*, 470 U.S. at 538, 105 S. Ct. at 1491. *See also Ayers v. Bd. of Regents Univ. of*

*Tex. Sys.*, 557 Fed. Appx. 263, 273 (5th Cir. Tex. 2014); *Ferraz-Da Silva v. Holder*, 523 Fed. Appx. 274 (5th Cir. 2013) (*per curiam*). Salinas alleges that he was allowed a hearing to appeal his termination, but that decision was upheld. Plntf's Orig. Pet., Dkt No. 1-1, Exhibit A-2, § V. STATEMENT OF FACTS, ¶ 26. He does not allege that he was not aware of that hearing, that he did not attend that hearing, or that he did not have an opportunity to respond before or during that hearing.

    5.10   Without reference to a property interest recognized by the City, or any process of which he was allegedly deprived, Salinas cannot establish a deprivation of substantive or procedural due process. His due process claim must therefore be dismissed.

**B.**    <u>**Salinas has not identified a Fourteenth Amendment liberty claim.**</u>

    5.11   Claims to liberty interests generally arise in the employment context after a person has been terminated under a cloud of suspicion, justified or otherwise. Claims for deprivation of a liberty interest only seek to have a plaintiff be allowed to "clear his name," because of the damage done to his reputation. "A liberty interest in one's reputation for the purpose of seeking gainful employment arises from … the Due Process Clause…." *Klingler v. Univ. of S. Miss.*, 612 Fed. Appx. 222, 228-29 (5th Cir. 2015).

    5.12   "When a public employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities,' he is entitled to notice and an opportunity to be heard." *Id.*, at 229, *quoting Bellard v. Gautreaux*, 675 F.3d 454, 461 (5th Cir. 2012) & *Bledsoe v. City of*

*Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006). Salinas has not identified how any alleged comments or charges rose to an actionable level, however.

> In order to acquire a liberty interest protected by the Fourteenth Amendment and give rise to a name clearing hearing, [Plaintiff] must establish the: "charges against him rise to such a level that they create a 'badge of infamy' which destroys the claimants ability to take advantage of other employment opportunities. Additionally, the claims must be false and the [Plaintiff] must show that damage to his reputation and employment opportunities has in fact occurred."

*Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 877-78 (5th Cir. 1991), *quoting Evans v. City of Dallas*, 861 F.2d 846, 851 (5th Cir. 1988).

5.13 In order to establish his claim that he was deprived of a protected liberty interest, Salinas must establish "more than merely the stigma of discharge." *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000). He must show

> (1) that []he was discharged; (2) that stigmatizing charges were made against [him] in connection with the discharge; (3) that the charges were false; (4) that []he was not provided notice or an opportunity to be heard prior to [his] discharge; (5) that the charges were made public; (6) that []he requested a hearing to clear [his] name; and (7) that the employer refused [his] request for a hearing.

*Id.*, 204 F.3d at 226. "The remedy for a deprivation of liberty is a name-clearing hearing before the governing body." *Campos v. Guillot*, 743 F.2d 1123, 1126 (5th Cir. 1984). "A public employee, even an at-will employee, has a constitutional right to notice and an opportunity to be heard when the employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'" *Bellard*, 675 F.3d at 461, *quoting Bledsoe*, 449 F.3d at 653.

5.14    Salinas has not identified any false charges that were made against him in connection with his discharge, by and to whom they were allegedly made, or where or when they were made.  Nor does he contend the City or the PIEDC made those charges public, that he requested a hearing to clear his name, or whether, how or when any alleged request for a hearing was denied.  His claim of deprivation of a liberty interest must therefore be dismissed.

## VI.

## CONCLUSION AND PRAYER

6.01    Because Plaintiff failed to identify any facts or authority on which relief may be granted for his alleged violations of the Fourteenth Amendment, those claims against Defendants should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendants **CITY OF PORT ISABEL, TEXAS AND PORT ISABEL ECONOMIC DEVELOPMENT CORPORATION** would respectfully request that Plaintiff's claims be dismissed for failure to state a claim upon which relief can be granted, and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled, whether general or special, at law and in equity.

Respectfully submitted,

*/s/ J. Arnold Aguilar*
J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
email: arnold@aguilarzabartellc.com

**AGUILAR★ZABARTE**, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas  78520
(956) 504-1100
(956) 504-1408 (fax)

Attorneys for Defendants
**CITY OF PORT ISABEL, TEXAS
and PORT ISABEL ECONOMIC
DEVELOPMENT CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' MOTION FOR PARTIAL DISMISSAL** will on this the 16th day of April, 2020, be automatically accomplished through the Notice of Electronic Filing upon the following:

Mark Anthony Sanchez
mas@sanchezwilson.com
SANCHEZ & WILSON, P.L.L.C.
6243 IH-10 West, Suite 1025
San Antonio, TX  78201

/s/ J. Arnold Aguilar
J. Arnold Aguilar